FILED BY _____ D.C.

FEB 14 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

-----------------------------------------------------------x

GENESIS TAN,

        *Plaintiff*,

- against -

SUSHI YAMA JAPANESE RESTAURANT,
INC., d/b/a MOSHI MOSHI, MUTSUHIKO
YUHARA and TOSHIO FURIHATA,

        *Defendants*.

Docket No. _____

20-cv-20679-Williams/Torres

-----------------------------------------------------------x

# COMPLAINT

-----------------------------------------------------------

GENESIS TAN
1951 Park Avenue, Apt. 11
Miami Beach, FL 33139
Tel. No. 561-843-6608
Email: genesis_tan2005@yahoo.com

*Pro Se Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

-----------------------------------------------------------x

GENESIS TAN,

                      *Plaintiff,*

                - against -

SUSHI YAMA JAPANESE RESTAURANT,
INC., d/b/a MOSHI MOSHI, MUTSUHIKO
YUHARA and TOSHIO FURIHATA,

                          *Defendants.*

Docket No. _____

**COMPLAINT**
Trial by Jury

-----------------------------------------------------------x

**PLAINTIFF** GENESIS TAN, *pro se*, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This matter is a straightforward wage and hour case premised on Defendants' willful violations of the minimum wage and overtime wage provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Florida Minimum Wage Act ("FMWA"), s. 24, Art. X, Florida State Constitution.

## JURISDICTION AND VENUE

2. This is an action for damages in excess of seventy five thousand dollars ($75,000) against all Defendants, exclusive of interests, costs and attorney's fees. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) in that the claim arises from the Fair Labor Standards Act (FLSA), and 28 U.S.C. § 1331 (federal question).

3. This Court has supplemental jurisdiction over the related state law claims asserted herein under the doctrine of pendent jurisdiction and pursuant to 28 U.S.C. §1367. Supplemental

1

jurisdiction over those claims is appropriate because they arise from the same common nucleus of operative facts from which the federal claim arises.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida.

## PARTIES

5. Plaintiff Genesis Tan ("Tan" or "Plaintiff") is an adult male individual residing in Miami-Dade County, state of Florida.

6. Defendant Sushi Yama Japanese Restaurant, Inc. ("Defendant Moshi Moshi") is, upon information and belief, a corporation duly organized and existing under the laws of the state of Florida, and does business as "Moshi Moshi".

7. Defendant Mutsuhiko Yuhara ("Defendant Yuhara") is, upon information and belief, a resident of the state of Florida.

8. Defendant Yuhara was, upon information and belief, an owner or manager, officer or agent of Defendant Moshi Moshi during all times relevant hereto.

9. Defendant Toshio Furihata ("Defendant Furihata") is, upon information and belief, a resident of the state of Florida.

10. Defendant Furihata was, upon information and belief, an owner or manager, officer or agent of Defendant Moshi Moshi during all times relevant hereto.

11. Upon information and belief, Defendants, at all times material, conducted substantial and continuous business in the Southern District of Florida.

12. At all times material hereto, each of the Defendants and together constituted an "employer" within the meaning of 29 U.S.C. § 203 (d) of the Fair Labor Standards Act.

2

13. At all times material hereto, each of the Defendants and together constituted an "employer" within the meaning of the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer".

14. During all times relevant hereto, Defendants exercised ownership and/or managerial responsibilities at the Moshi Moshi restaurants where Plaintiff worked.

15. Upon information and belief, Defendants had power over personnel decisions.

16. Upon information and belief, Defendants had power over payroll decisions.

17. Upon information and belief, Defendants had the power to hire and fire the Plaintiff, establish and pay his wages, set his work schedules and maintain his employment records.

18. At all times material hereto, Plaintiff Tan was an "employee" of Defendants within the meaning of the FLSA.

19. At all times material hereto, Defendants were engaged in the operation of several Japanese restaurants, including the ones located at 1448 Washington Avenue, Miami Beach, Florida 33139 and at 7232 Biscayne Boulevard, Miami, Florida 33138, both within the Southern District of Florida, and which restaurants served food and beverages to customers.

20. At all times material hereto, Defendants were each an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the FLSA.

21. At all times material hereto, Defendants regularly owned and operated a business engaged in commerce as defined in 29 U.S.C. § 203(r) and (s) of the FLSA.

22. At all times material hereto, Defendants have had four or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce, including but not limited to, by way of example, food and beverage

products such as seafood, fishes, buns, potatoes, soda, commercial kitchen appliances and equipment, such as broilers, fryers, refrigerators and freezers, and cleaning supplies such as soap and commercial cleaning products.

23. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" because they utilized essential business equipment, such as cooking and cleaning equipment, as well as freezers, ovens, and other cooking supplies that, upon information and belief, were manufactured outside the state of Florida, and were moved in interstate commerce.

24. Upon information and belief, at all relevant times, Defendants regularly used, sourced out and ordered their seafood products and cooking equipment, by ordering either through the telephone or through online, with supply and distribution companies various supplies such as various seafood products and cooking and dining utensils, which were either manufactured outside the state or delivered crossing state lines.

25. At all times material hereto, annual gross revenue of Defendants was, upon information and belief, in excess of $500,000 per annum during the relevant time periods.

26. At all times material hereto, Plaintiff Tan was "engaged in commerce" within the meaning of the FLSA. His work involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendants' Moshi Moshi business and that moved in interstate commerce. Plaintiff regularly and recurrently handled foods, drinks, and other goods or materials which were originally manufactured outside the State of Florida.

27. During all times relevant to this action, Plaintiff was a non-exempt employee of Defendants who was subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

4

28.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

29.     Defendants hired the services of Plaintiff Tan as a server at their Moshi Moshi restaurant on or about March 13, 2016.

30.     Throughout his employment with Defendants, Plaintiff regularly worked more than forty (40) hours per week at Defendants' Moshi Moshi restaurants, where his primary duties consisted of non-exempt tasks such as running the cashier, assisting customers with their orders, food preparation, cleaning and related duties through the restaurants.

31.     Throughout his employment with Defendants, Plaintiff was required to work on a regular basis the following schedules at Defendants' two Moshi Moshi restaurants:

Mondays – from 7 pm to 5 am (of Tuesdays), at Biscayne restaurant;

Tuesdays – days off;

Wednesdays – days off;

Thursdays – from 8:30 pm to 6 am (of Fridays), at the Washington restaurant;

Fridays – from 8:30 pm to 6 am (of Saturdays), at the Washington restaurant;

Saturdays – from 8:30 pm to 6 am (of Sundays), at the Washington restaurant;

Sundays – from 8:30 pm to 6 am (of Mondays), at the Washington restaurant.

32.     As shown above, Defendants regularly suffered or required Plaintiff to work in excess of forty (40) hours per week during the period of his employment. Plaintiff worked an average of at least forty eight (48) hours per week.

33.     Defendants did not compensate Plaintiff at the statutorily-required minimum wage rate for all of his hours of work.

34. Worse, although Plaintiff worked more than forty (40) hours each workweek, Defendants did not pay him time and a half for the extra hours beyond forty (40) each workweek.

35. Defendants did not compensate Plaintiff any hourly wage rate.

36. Defendants did pay Plaintiff a fifteen percent (15%) tip of his gross cash and credit card sales each day. After computing Plaintiff's total tip amount, Defendants deducted eighteen percent (18%) from said total tip amount and kept for themselves said 18% of Plaintiff's 15% total tip amount.

37. Throughout the period of Plaintiff's employment, Defendants limited Plaintiff's tip to 15%. As and by way of illustration, let us assume Plaintiff had a customer that had $100 gross cash sales, and said customer left behind additional $50 as tip for a total payment of $150. Defendants did not give Plaintiff the $50 tip, but only gave him a tip of $15.00, equivalent to 15% of the gross cash sales.

38. As and by way of another illustration, let us assume Plaintiff had a customer that had $200 gross credit card sales, and said customer agreed to be debited from his credit card additional $80 as tip or service charge, for a total payment of $280. Defendants did not give Plaintiff the $80 tip, but only gave him a tip of $30.00. Defendants kept for themselves $50 of the tip or service charge.

39. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA and/or the FMWA.

40. Defendants failed to inform Plaintiff of information required to be entitled to take a tip credit.

41. Defendants failed to provide Plaintiff with the legally required notice of the "tip credit" provisions.

42. Defendants did not allow Plaintiff to retain all of his tips.

43. Defendants' failure to permit the Plaintiff whom they employed to retain all tips received made Defendants ineligible to take a "tip credit" for Plaintiff.

44. Since Defendants were unable to claim a "tip credit", they were required to compensate Plaintiff whom they employed with at least the full Florida minimum wage for all hours worked.

45. Defendants failed to pay the Plaintiff the minimum wage for hours worked as a server.

46. At the end of each working day, Defendants further made deductions from Plaintiff's total tip amount. As and by way of illustration, let us assume that Plaintiff's total tip amount from his cash and credit card sales amounted to $100.00. Defendants deducted eighteen percent (18%) from the $100 total tip amount, and kept the said amount of $18.00 for themselves. Thus, in this illustration, Plaintiff earned only $82.00 as his net tip amount for a day.

47. To further illustrate Defendants' payroll practices, let us assume Defendants paid Plaintiff $82.00 a day. If Plaintiff worked five days a week, as was his regular schedule, Defendants would have paid him only $410.00 as his total wages for the whole week.

48. Had Defendants properly paid Plaintiff his wages, they would have paid him at least the minimum wage rate multiplied by 40 hours, plus time and a half of the minimum wage rate multiplied by 8 hours.

49. Additionally, Defendants did retain a portion of Plaintiff's tips, which should have been the sole property of the Plaintiff.

50. Defendants knowingly and willfully failed to pay Plaintiff the minimum wage rate for all of his hours of work up to 40 hours a week, and time and one-half of the applicable regular rates of pay for all hours worked for Defendants in excess of forty (40) per week.

51. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff the applicable minimum wage rates and also time and one-half wages for all of his actual overtime hours, based upon, *inter alia*, (a) Defendants' recording of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff, and (b) Defendants' knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of forty (40) hours per week by Plaintiff.

52. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

53. Defendants did not have a good faith basis for their failure to pay the applicable minimum wage rates and overtime wages required by law for all of the actual hours worked by Plaintiff. As a result, Plaintiff is entitled to the recovery of liquidated damages in an amount equal to his unpaid minimum and overtime wages.

54. Plaintiff left Defendants' employment on or about April 22, 2018.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56. Defendants engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

57. At all times relevant, Plaintiff was employed by Defendants engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

58. At all times relevant, Plaintiff was or has been an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

59. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

60. At all times relevant hereto, Plaintiff was a server performing duties and responsibilities essential to Defendants' restaurant business.

61. As such, Plaintiff is entitled to protection under the FLSA's minimum wage provisions.

62. Defendants failed to pay Plaintiff the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

63. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a). Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

64. Plaintiff was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Violation of the Overtime Wages Provisions of the FLSA)**

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

66. Defendants engaged in a widespread pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

67. At all times relevant, Plaintiff was employed by the Defendants engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

68. At all times relevant, Plaintiff was or has been an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

69. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

70. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

71. Defendants failed to pay Plaintiff the premium overtime wages to which he is entitled under the FLSA for all hours worked beyond forty (40) per workweek.

72. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

73. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amount, liquidated damages, prejudgment interest, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### THIRD CAUSE OF ACTION
**(Violation of the Minimum Wage Provisions of the FMWA)**

74. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

75. At all times relevant to this action, each Defendant was Plaintiff's employer within the meaning of the FMWA.

76. Defendants had the power to hire and fire Plaintiff, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

77. Defendants, in violation of the FMWA, paid Plaintiff less than the minimum wage.

78. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of the FMWA.

79. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief as against Defendants:

1. Unpaid minimum and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

2. Unpaid minimum wages and an additional amount as liquidated damages pursuant to the FMWA;

3. Pre-judgment and post-judgment interest;

4. Expenses and costs of the action; and

5. Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on each and every claim set forth herein.

Dated: Miami, Florida.
February 14, 2020.

GENESIS TAN
*Pro Se Plaintiff*
1951 Park Avenue, Apt. 11
Miami Beach, FL 33139
Tel. No. 561-843-6608
Email: genesis_tan2005@yahoo.com

## VERIFICATION

STATE OF FLORIDA    )
COUNTY OF Miami-Dade ) S.S.

I, GENESIS TAN, of legal age, and presently residing in Miami Beach, FL, after having been sworn in accordance with law, hereby state that I am the Plaintiff in the within Action/Complaint. I have read the foregoing Complaint and know the contents thereof. The contents are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

GENESIS TAN

SUBSCRIBED AND SWORN to before me this _14_ day of February 2020.
FL DL ID #T500-287-73-††† 

Notary Public
WALDO LAURENCIO

WALDO LAURENCIO
Notary Public - State of Florida
Commission # GG 069120
My Comm. Expires Feb 2, 2021
Bonded through National Notary Assn.

12