UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20679-Civ-WILLIAMS/TORRES

GENESIS TAN,

    Plaintiff,

v.

SUSHI YAMA JAPANESE
RESTAURANT, INC. *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Genesis Tan's[1] ("Plaintiff") renewed motion for final default judgment against Matsuhiko Yuhara ("Mr. Yuhara"). [D.E. 22]. Although Mr. Yuhara failed to file a response in opposition, Sushi Yama Japanese Restaurant Inc. d/b/a Moshi Moshi ("Moshi Moshi") and Toshio Furihata ("Mr. Furihata") (collectively, the "Non-Defaulted Defendants") responded on July 23, 2020. [D.E. 23]. Therefore, Plaintiff's motion is now ripe for disposition.[2] After careful consideration of the record presented, Plaintiff's motion for final default judgment should be **DENIED** without prejudice pending final disposition of

---

[1]    Plaintiff is representing himself *pro se* in this action.

[2]    On June 18, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 19].

1

the claims presented against the Non-Defaulted Defendants.

## I. BACKGROUND

Plaintiff filed this action on February 14, 2020 against Moshi Moshi, Mr. Yuhara, and Mr. Furihata for violations of the minimum wage and overtime wage provisions of the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Plaintiff began his employment at defendants' restaurant on March 13, 2016 and he worked as a server and cashier. Plaintiff also assisted customers with orders, prepared food, cleaned, and performed other duties as required.

Throughout his employment[3], Plaintiff claims that defendants regularly required him to work a schedule of approximately 48 hours per week but failed to compensate him at the statutorily required minimum wage for the work performed. Plaintiff also alleges that defendants failed to compensate him time and a half for the hours worked in excess of forty hours each workweek, and that defendants failed to inform him of his rights under state and federal law. Because defendants had notice that their compensation practices failed to provide Plaintiff with statutorily required payments, Plaintiff seeks unpaid minimum and overtime wages, liquidated damages, interest, and court costs.

## II. APPLICABLE PRINCIPLES AND LAW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process

---

[3] Plaintiff's employment at Defendants' restaurant concluded on April 22, 2018.

for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### III. ANALYSIS

Plaintiff seeks final default judgment against Mr. Yuhara for his failure to respond to the allegations in this case. On April 20, 2020, the Court directed the clerk of court to enter default against Mr. Yuhara after Plaintiff filed a proof of service that he served Mr. Yuhara with a copy of his complaint on March 13, 2020. [D.E. 12]. Service of process on this date required Mr. Yuhara to respond to Plaintiff's complaint on or before April 3, 2020, but Mr. Yuhara failed to do so.[4] The Court then required Plaintiff to file a motion for final default judgment and serve it on Mr. Yuhara on or before May 20, 2020 and to include with it a motion and a proposed order setting forth the relief owed in money damages, including fees and costs. The Court also directed Plaintiff (1) to support the relief sought with

---

[4] Plaintiff served Mr. Yuhara with service of process on March 13, 2020.

sufficient evidence, (2) to reference specific legal authorities establishing Plaintiff's entitlement to the relief requested, and (3) to demonstrate that service of process was properly effectuated.

On July 7, 2020, the Court denied without prejudice Plaintiff's motion for final default judgment because it failed to comply with the requirements under Federal Rule of Civil Procedure 55. Plaintiff failed to include any legal authority that established his right to the relief sought and that was, by itself, a sufficient reason to deny the motion. *See, e.g.*, *United States v. $137,700.00 in U.S. Currency*, 2018 WL 3758311, at *1 (M.D. Fla. Apr. 4, 2018) ("The United States' motion for default judgment is due to be denied because it does not establish, with citations to legal authority, that the complaint provides a sufficient legal basis for the entry of a default judgment."). The Court also denied Plaintiff's motion because it sought $88,405.20 in damages, but Plaintiff failed to submit any evidence in support of that amount. And without that information and the absence of any legal authorities establishing Plaintiff's entitlement to the relief sought, the Court denied his motion without prejudice. Plaintiff has now filed an amended motion for final default judgment seeking $19,375.20 in wages for 2017, $4,719 in wages for 2018, and $24,094.20 in liquidated damages for a grand total of $48,188.40. Having set forth the procedural history of the case, we now turn to the merits.

The FLSA requires employers to pay covered employees (1) a regular hourly wage of at least $7.25, and (2) overtime pay at one and a half times their regular rate

5

for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1). To establish an FLSA claim for unpaid minimum and overtime wages, Plaintiff must show (1) that Mr. Yuhara employed him, (2) that Plaintiff is "covered" by the FLSA[5], (3) that Mr. Yuhara paid him less than $7.25 per hour, (4) that Plaintiff worked in excess of 40 hours per week, and (5) that Mr. Yuhara failed to pay overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

Here, Plaintiff's complaint meets each of the required elements enumerated above because it includes well-pled allegations that Mr. Yuhara was the owner, manager, officer, or agent of Moshi Moshi [D.E. 1 at ¶ 8], that Mr. Yuhara was Plaintiff's employer, *id.* at ¶¶ 12-13, that Mr. Yuhara had four or more employees engaged in interstate commerce with an annual gross revenue in excess of $500,000, *id.* at ¶¶ 20, 25, that Mr. Yuhara failed to pay the statutorily required minimum wage, *id.* at ¶¶ 33, 45, 50, and that Mr. Yuhara failed to pay overtime wages, *id.* at ¶¶ 34, 45, 50. Given that Mr. Yuhara, as a defaulted defendant is deemed to admit the well-pled allegations in Plaintiff's complaint, and the admitted facts are

---

[5]   An employee is covered by the FLSA if he or his employer "engaged in [interstate] commerce or in the production of goods for [interstate] commerce." 29 U.S.C. §§ 206(a)(1), 207(a)(1); *see id.* § 203(b). An employer meets this requirement if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." *Jones v. Freedom Rain, TLC*, 401 F. App'x 409, 411 (11th Cir. 2010); *see* 29 U.S.C. § 203(s)(1)(A).

6

sufficient to establish liability, we would ordinarily turn to Plaintiff's request for damages. *See Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").

However, before we do so, the Non-Defaulted Defendants argue in response that entering default judgment against Mr. Yuhara would be premature because there is a risk that it might lead to inconsistent results. As a threshold matter, we must first determine whether the Non-Defaulted Defendants have standing to challenge Plaintiff's motion for default judgment. Plaintiff's complaint presents three causes of actions against every defendant in this case. Although the complaint does not use the magic words "joint and several liability," it seeks to hold each of the defendants liable for each count under the FLSA and the FMWA. And the complaint also alleges that Mr. Yuhara was the owner, manager, officer, or agent of Moshi Moshi.

"As the Eleventh Circuit has noted, 'the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Lira v. Matthew's Marine Air Conditioner, Inc.*, 741 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (quoting *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160 (11th Cir. 2008)). This means that if two or more parties are jointly and severally liable, then each party is responsible for the

7

liability of the other parties. *See Rodriguez v. Irwin*, 2011 WL 737316, at *4 (E.D. N.C. Feb. 23, 2011) (citing *Nelson-Salabes, Inc. v. Morningside Dev., LLC,* 284 F.3d 505, 517 n.13 (4th Cir. 2002)). And under the theory of joint liability, if a plaintiff prevails, then he can seek full satisfaction of the damages awarded from any one of the defendants. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980); *Rodriguez*, 2011 WL 737316, at *4.

This case presents the possibility that Plaintiff could seek full satisfaction of the damages awarded to him against the Non-Defaulted Defendants via the theory of joint liability because this doctrine extends to situations where one defendant defaults (i.e. Mr. Yuhara) in a multi-defendant case. *See, e.g., Diaz v. Glob. Dev. Consultant Inc.*, 2015 WL 12745538, at *2 (S.D. Fla. Aug. 23, 2015), *Report and Recommendation adopted*, 2015 WL 12745537 (S.D. Fla. Sept. 22, 2015). In other words, the Non-Defaulted Defendants have standing to challenge Plaintiff's motion for default judgment because any judgment awarded against Mr. Yuhara could be executable against them by virtue of joint liability. *See In re Uranium,* 617 F.2d at 1256 n.32 (finding the non-defaulting defendant had standing because of the potential economic harm to the non-defaulting defendant if plaintiff sought the damages awarded in the default judgment); *Rodriguez*, 2011 WL 737316, at *4 (stating that an appearing defendant had standing to challenge the entry of a default judgment against a non-appearing defendant because the judgment was executable against both defendants by virtue of the joint liability alleged in the

8

complaint); *Diamond Services Corp. v. Oceanografia SA de CV*, 2014 WL 1120792, at *3 (W.D. La. Mar. 19, 2014) ("[C]ourts have held a defendant against whom liability has been alleged jointly and/or severally has standing to challenge an entry of default against a co-defendant."). We therefore conclude that the Non-Defaulted Defendants have standing to challenge Plaintiff's motion for final default judgment because Plaintiff alleged in his complaint that all defendants were liable under each cause of action and Plaintiff incorporated these allegations against them collectively.

Generally speaking, a Court may enter a default judgment against a party for failure to plead or otherwise defend a case and also as a sanction for failure to obey a pretrial order. *See* Fed. R. Civ. P. 55; Fed. R. Civ. P. 16. However, default judgments are inappropriate if they will result in inconsistent judgments. *See Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012); *Staton v. Pro Quality Concrete, Inc.*, 2012 WL 3746009, at *2 (S.D. Fla. Aug. 2, 2012).

"The general rule, derived from the seminal case of *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), is that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Mayorga v. Stamp Concrete & Pavers, Inc.,* 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (quotation omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 1998). The

9

Eleventh Circuit has applied this same principle to cases where defendants are jointly and severally liable, as well as where defendants have closely related defenses. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.* 740 F.2d at 1499, 1512 (11th Cir. 1984) ("[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); *Guacamole*, 2012 WL 718688, at *2 ("Several Circuits, including the Eleventh, have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.").

The danger of entering final default judgment against Mr. Yuhara is that if the Non-Defaulted Defendants prevail in this case, Plaintiff could theoretically still have a claim against them because of the theory of joint liability. This could present the troubling scenario of having two inconsistent results for two sets of defendants, all of which are allegedly jointly and severally liable. That is, permitting Plaintiff to collect damages against the Non-Defaulted Defendants based on a default judgment against Mr. Yuhara would be inappropriate, unfair, and inconsistent if a jury determined that the Non-Defaulted Defendants were not liable or that Plaintiff failed to prove his claim. Given this danger, it would be improper to enter, at this time, final default judgment against Mr. Yuhara and therefore Plaintiff's motion for default judgment should be **DENIED** without prejudice, pending final disposition of the claims presented against the Non-Defaulted Defendants.

## *IV. CONCLUSION*

For the foregoing reasons, Plaintiff's motion for final default judgment [D.E. 22] should be **DENIED** without prejudice pending final disposition of the claims presented against the Non-Defaulted Defendants.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 4th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge